IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA :
:
v. : 1:19CR324-1
:
MICHAEL KIRK SCHON :

The Grand Jury charges:

1. At all times material herein, MICHAEL KIRK SCHON was a resident of Spotsylvania, Virginia.

2. At all times material herein, the North Carolina Department of Insurance regulated the issuance of bail surety bonds in the State of North Carolina, including the licensing of bail bondsmen and bail surety bond agents.

3. At all times material herein, All American Bail Bonds, LLC, was a limited liability corporation organized under the laws of North Carolina and doing business writing and issuing bail bonds with an office and place of business in Randleman, Randolph County, North Carolina.

4. At all times material herein, MICHAEL KIRK SCHON was licensed as a surety bail bondsman by the North Carolina Department of Insurance and was employed by All American Bail Bonds, LLC, as a bail bondsman and director of operations.

5. At all times material herein, Bankers Insurance Company was in the business of underwriting and serving as a surety for bail bonds with an office and place of business located in Saint Petersburg, Florida.

6. At all times material herein, Bankers Insurance Company underwrote and served as surety on bail bonds issued by All American Bail Bonds, LLC, in the Middle District of North Carolina and elsewhere.

7. At all times material herein, an individual whose initials are C.F. was employed by as a bail bondsman licensed by the North Carolina Department of Insurance and working under the direction of MICHAEL KIRK SCHON.

8. At all times material herein, the Guilford County Board of Education was organized under the laws of the State of North Carolina for the purpose of overseeing and supervising the operations of public education in Guilford County, North Carolina.

9. At all times material herein, pursuant to North Carolina law, the Guilford County Board of Education received payment on forfeited bail bonds issued to secure the appearance of defendants charged with North Carolina state crimes in the District and Superior Courts in Guilford County, North Carolina.

2

Case 1:19-cr-00324-TDS   Document 1   Filed 06/25/19   Page 2 of 9

10. At all times material herein, an individual whose initials are F.S.L. was a resident of Guilford County, in the Middle District of North Carolina, and used the alias name "Renaildo Santiago Dominguez."

11. In 2012, local law enforcement authorities arrested F.S.L. in Guilford County, North Carolina, and charged him with the North Carolina state crimes of trafficking in cocaine, conspiracy to traffic in cocaine, felony possession of marijuana, and maintaining a dwelling for keeping controlled substances, all in the alias name "Renaildo Santiago Dominguez."

12. F.S.L., using the alias name "Renaildo Santiago Dominguez," was held in the Guilford County Jail under conditions of release requiring F.S.L. to post a secured bail bond in the amount of $250,000.00 in order to obtain pretrial release.

13. On October 8, 2013, Bankers Insurance Company, with All American Bail Bonds, LLC, as agent, issued and stood as surety for a $250,000.00 secured bail bond to allow F.S.L., in the alias name "Renaildo Santiago Dominguez," to be released from custody pending his appearance for trial in Superior Court in Guilford County, North Carolina.

14. F.S.L. failed to appear on October 14, 2013, in Guilford County Superior Court and as a result the bail bond issued by Banker's Insurance Company was declared forfeited on October 29, 2013.

15. As a result of the forfeiture of the $250,000.00 bond, the Guilford County Board of Education began legal proceedings to collect $250,000.00 from Banker's Insurance Company.

16. On March 26, 2014, the Guilford County Board of Education and Banker's Insurance Company, through MICHAEL KIRK SCHON as its authorized agent, entered into a settlement agreement by which Banker's Insurance Company agreed to pay the Guilford County Board of Education the amount of $250,000.00 on the forfeited bond pursuant to the following schedule: $80,000.00 due on March 28, 2014; $30,000.00 due on June 30, 2014; $30,000.00 due on September 30, 2014; and $110,000.00 due on December 30, 2014.

17. The settlement agreement between the Guilford County Board of Education and Banker's Insurance Company provided that all scheduled payments would be waived if: first, F.S.L. died prior to the due date of any payment; and second, the Guilford County Board of Education was provided with a death certificate for F.S.L.

18. From on or about March 28, 2014, to on or about August 16, 2016, in the County of Guilford, in the Middle District of North Carolina, and elsewhere, MICHAEL KIRK SCHON did devise and intend to devise a scheme and artifice to defraud the Guilford County Board of Education of

4

approximately $170,000.00 through material false pretenses, representations, and promises, by inducing, and attempting to induce, the Guilford County Board of Education to forgive and waive $170,000.00 of payments due from Banker's Insurance Company on the forfeited bail bond issued to secure the appearance of F.S.L. by obtaining and procuring a forged and false death certificate purporting to show that F.S.L. had died in the Mexico in May of 2014 and providing this forged and false death certificate to the Guilford County Board of Education, for the purpose of falsely and fraudulently representing that F.S.L. had died in the Mexico in May of 2014, such scheme and artifice to defraud making use of the United States mail and interstate wire communications.

## MANNERS AND MEANS

19. It was a part of the scheme and artifice to defraud that MICHAEL KIRK SCHON instructed C.F. to obtain and procure a forged and false death certificate purporting to show that F.S.L. had died in Mexico in May of 2014.

20. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON provided C.F. with information on how to find an individual who resided in Wilson, Nash County, North Carolina, who could provide a forged and false death certificate.

21. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON provided C.F. with $5,000.00 to pay for the procurement of the forged and false death certificate purporting to record the death of F.S.L. in Mexico.

22. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON provided C.F. with F.S.L.'s name, personal information, and place of residence in Mexico to provide to the person producing the forged and false death certificate.

23. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON provided a sample death certificate to C.F. to use as a template for the forged and false death certificate in the name of F.S.L.

24. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON instructed C.F. to send the forged and false death certificate to him by express mail.

25. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON instructed C.F. that the forged and false death certificate should represent that F.S.L. had died in a "drug deal gone bad."

26. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON conveyed instructions as to the procurement of the

6

forged and false death certificate in the name of F.S.L. to C.F. by phone text message, which MICHAEL KIRK SCHON then instructed C.F. to delete.

27. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON instructed C.F. that if he followed instructions as to procuring and obtaining the forged and false death certificate in the name of F.S.L., C.F. would be credited for monies C.F. owed MICHAEL KIRK SCHON in regard to a previous bond that had been forfeited.

28. It was a further part of the scheme and artifice to defraud that C.F. procured and obtained the forged and false death certificate in the name of F.S.L. and mailed it to MICHAEL KIRK SCHON pursuant to the instructions given him by MICHAEL KIRK SCHON.

29. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON scanned the forged and false death certificate in the name of F.S.L. and transmitted it by email communication to the attorneys representing the Guilford County Board of Education for the purpose of falsely representing that F.S.L. had died on May 12, 2014 in Sinaloa, Mexico.

30. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON falsely represented to attorneys representing the Guilford County Board of Education that he possessed the original of the death certificate as if the document was authentic, and not as MICHAEL KIRK

7

SCHON then well knew, a forgery procured for the purpose of falsely inducing the Guilford County Board of Education to cancel and waive the remaining $170,000 in payments due under the settlement agreement between the Guilford County Board of Education and Banker's Insurance Company.

31. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON personally delivered the "original" of the forged and false death certificate to the attorneys representing the Guilford County Board of Education upon being informed by such attorneys that the further payments due under the settlement agreement would be waived and cancelled upon inspection of an original copy of the death certificate.

32. It was a further part of the scheme and artifice to defraud that the Guilford County Board of Education, in reliance on the forged and false death certificate and the false representations of MICHAEL KIRK SCHON that F.S.L had died, prepared and filed with the Clerk of Superior Court for Guilford County a satisfaction of judgment due to the purported death of F.S.L., such satisfaction of judgment cancelling $170,000 in payments due under the settlement agreement from Banker's Insurance Company.

33. It was a further part of the scheme and artifice to defraud that MICHAEL KIRK SCHON falsely represented to Banker's Insurance Company that F.S.L had in fact died.

## EXECUTION

34. On or about June 30, 2014, in the County of Guilford, in the Middle District of North Carolina, MICHAEL KIRK SCHON, for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly caused to be placed in any post office or authorized depository for mail matter to be sent or delivered by the Postal Service or commercial interstate carrier an envelope addressed to Banker's Insurance Company at Post Office Box 15707, Saint Petersburg, Florida, containing a satisfaction of judgment filed in the Superior Court for Guilford County, North Carolina, waiving further payments due from Bankers Insurance Company; all in violation of Title 18, United States Code, Sections 1341 and 2.

DATED: June 24, 2019

MATTHEW G.T. MARTIN
United States Attorney

_____
BY: FRANK J. CHUT, JR.
Assistant United States Attorney

A TRUE BILL:

_____
FOREPERSON